1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   KEVIN C. NICHOLAS, SB #015940
2     Email: Kevin.Nicholas@lewisbrisbois.com
   JERICA L. PETERS, SB #027356
3     Email: Jerica.Peters@lewisbrisbois.com
   Phoenix Plaza Tower II
4  2929 North Central Avenue, Suite 1700
   Phoenix, Arizona 85012-2761
5  Telephone: 602.385.1040
   Facsimile: 602.385.1051
6
   **LEWIS BRISBOIS BISGAARD & SMITH LLP**
7  LANN G. McINTYRE, SB# 106067
      Email: Lann.McIntyre@lewisbrisbois.com
8  RITA R. KANNO, SB# 230679 *(admitted Pro Hac Vice)*
      Email: Rita.Kanno@lewisbrisbois.com
9  550 West C Street, Suite 1700
   San Diego, California 92101
10 Telephone: 619.233.1006
   Facsimile: 619.233.8627
11
12 Attorneys for Defendant Kelsar Inc. dba Synergy HomeCare, sued herein as Kelsar, Inc, A
   Domestic Corporation Doing Business As Synergy Homecare of Paradise Valley

13                  IN THE UNITED STATES DISTRICT COURT

14              FOR THE DISTRICT OF ARIZONA, PHOENIX DIVISION

15 | Timothy Uzzanti, personal representative of the Estate of James Uzzanti, deceased, on behalf of the Estate of James Uzzanti, | Case No.
16 | |
   | | **DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1331, 1441, 1442 AND 1446**
17 |            Plaintiff, |
18 | v. |
19 | Kelsar, Inc, A Domestic Corporation Doing Business As Synergy Homecare of Paradise Valley; John Does And Jane Does I-X; ABC Business Entities I-X, |
20 | |
21 | |
22 |            Defendants. |
23

24      **TO THE HONORABLE COURT, PLAINTIFF HEREIN, AND HIS COUNSEL**

25 **OF RECORD:**

26      **PLEASE TAKE NOTICE** that on January 21, 2022, Defendant Kelsar Inc. dba

27 Synergy HomeCare, sued herein as Kelsar, Inc, A Domestic Corporation Doing Business As Synergy

28 Homecare of Paradise Valley, ("Defendant" and/or "Synergy HomeCare"), by and through its



1  counsel, files this Notice of Removal. This is a civil action over which this Court has original

2  jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1442, and it is one that may be properly

3  removed to this Court pursuant to 28 U.S.C. § 1441.

4  **I.      PLEADINGS RELATED TO REMOVED CASE**

5        1.      This action was initially filed on or about December 13, 2021, at the time the

6  Amended Complaint was filed in the Superior Court of Arizona, County of Maricopa, entitled

7  *Timothy Uzzanti, personal representative of the Estate of James Uzzanti, deceased, on behalf of the*

8  *Estate of James Uzzanti v.  Kelsar, Inc, A Domestic Corporation Doing Business As Synergy Homecare of*

9  *Paradise Valley; John Does And Jane Does I-X; ABC Business Entities I-X*, Maricopa County Superior

10  Court Case No. CV2021-01524.

11        Pursuant to 28 U.S.C. §1446(a), true and correct copies of all process, pleadings and

12  orders, received by Defendant in the Superior Court action are attached hereto as **Exhibit A**.

13  **II.     REMOVAL IS TIMELY**

14        2.      Defendant first received a copy of the Amended Complaint on December 22,

15  2021. **Exhibit A**. This Notice of Removal is filed within the thirty (30) day time limit for

16  removal set forth in 28 U.S.C. § 1446(a), therefore, the Notice is timely pursuant to 28 U.S.C.

17  § 1446(b). *See Romulus v. CVS Pharmacy, Inc.*, 770 F.3d 67 (1st Cir. 2014); *See Chavarria*

18  *v. Mgmt. & Training Corp.*, No. 16-cv-617-H (RBB), 2016 U.S. Dist. LEXIS 197047, at *6

19  (S.D. Cal. May 13, 2016) (indicating first 30-day-time-period is triggered if the basis of

20  removal is clear from initial pleading).

21        3.      Concurrent with the filing of this Notice, Defendant is serving this Notice of

22  Removal upon Plaintiff and filing a copy of this Notice of Removal with the Clerk of the

23  Superior Court of the County of Maricopa pursuant to 28 U.S.C. § 1446(d).

24  **III.    VENUE IS PROPER IN THIS COURT**

25        4.      Removal to the United States District Court of Arizona, Phoenix Division, is

26  proper because the state action was filed in the Superior Court of the State of Arizona for the

27  County of Maricopa, as referenced in paragraph 1, above. Accordingly, this Court is the

28



1  appropriate venue for filing this Notice of Removal pursuant to 28 U.S.C. § 1441(a) and 28

2  U.S.C. § 1446(a).

3  **IV.  JURISDICTION EXISTS UNDER 28 U.S.C. § 1331 BASED ON THE PREP**

4  **ACT**

5      5.      This is a civil action over which the Court has original jurisdiction under 28

6  U.S.C. §§ 1331 and one that may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and

7  1446 based on federal question jurisdiction.

8      6.      This case is removable under 28 U.S.C. §1441(a) on the basis of "original

9  jurisdiction" because the Plaintiff's allegations invoke the exclusive federal jurisdiction of the

10  Court and the immunities from suit and liability promised in the PREP Act. See 42 U.S.C. §

11  247d- 6d(e) (exclusive federal cause of action and exclusive federal jurisdiction for claims

12  arising from the alleged administration and use of a COVID-19 countermeasure), (a)(1) and

13  (b)(8)(immunity from suit and liability under state and federal law, and preemption of state

14  law).

15      7.      This case is further removable under 28 U.S.C. § 1442(a)(1) by virtue of federal

16  officer jurisdiction, as Defendant is being sued in connection with alleged acts undertaken at

17  the direction of a federal officer, to wit, the CDC, HHS and other Federal and State agencies

18  who were directing and/or providing guidance to Defendant with respect to the administration

19  of a COVID-19 countermeasure, to wit, a COVID-19 diagnostic test and other PPE

20  directives/guidance to prevent the spread of the virus.

21  **A.    The PREP Act**

22      8.      On information and belief, the Public Readiness and Emergency Preparedness

23  Act, 42 U.S.C. §§ 247d-6d, 247d-6e ("PREP Act") is applicable here. Specifically, the PREP

24  Act provides that any claim arising from a COVID-19 countermeasure, countermeasure

25  plan, or countermeasure facility, shall give rise only to an "exclusive federal cause of action"

26  in an "exclusive federal jurisdiction" and shall be barred from any other type of "suit and

27  liability" §§ 247d-6d(a)(1), (d)(1), (e)(1). At the very least, the matter of our nation's

28  statutory response to the global COVID-19 pandemic is one that presents a substantial,


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  embedded question of federal law and invokes this Court's jurisdiction. *See Grable & Sons*
2  *Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308 (2005). Further, because
3  Congress saw fit to imbue the United States Department of Health and Human Services
4  ("HHS") with the power to direct and otherwise utilize the private resources of entities, such
5  as Defendants, in this time of a national public health crisis through a nationwide structure
6  of "Authorities Having Jurisdiction" ("AHJ"), Congress necessarily required that these
7  otherwise private actors would be given the type of immunity and jurisdictional protections
8  provided to federal officers under similar conditions. *See* 28 U.S.C. §1442; 42 U.S.C. §
9  247d-6d(i)(6) (defining "program planner" as, *inter alia*, a State or local government) and
10  (i)(8) (defining a "qualified person" as those identified by the Secretary's Declaration); *see*
11  *also* HHS Declaration Under the PREP Act for Medical Countermeasures Against COVID-
12  19 ("Initial Declaration"), 85 Fed. Reg. 15198, 15202 (Mar. 17, 2020) (defining "AHJs" as
13  public agencies or their delegates that have "legal responsibility and authority for responding
14  to an incident, based on political or geographical…or functional range or sphere of
15  authority").

16        9.      While a plaintiff is ordinarily entitled to choose a state or federal forum and
17  may evade federal jurisdiction by pleading only state law claims, complete preemption is an
18  exception to the well-pleaded complaint rule. *See Metro-Life Ins. Co. v. Taylor*, 481 U.S.
19  58, 64¬64 (1987). Complete preemption occurs when the "pre-emptive force of a statute is
20  so 'extraordinary' that it 'converts an ordinary state common-law Complaint into one stating
21  a federal claim for purposes of the well-pleaded Complaint rule.'" *Caterpillar Inc. v.*
22  *Williams*, 482 U.S. 386, 393 (1987) (quotation omitted); Metro-Life, 481 U.S. at 63-64
23  (complete preemption exists when the preemptive force of federal law is so powerful that it
24  displaces any state law cause of action and leaves room only for a federal claim for purposes
25  of the "well pleaded complaint" rule). Complete preemption "'confers exclusive federal
26  jurisdiction in certain instances where Congress intended the scope of a federal law to be so
27  broad as to entirely replace any state-law claim.'" *Marin General Hosp. v. Modesto &*
28  *Empire Traction Co*., 581 F.3d 941, 945 (9th Cir. 2009) (quoting *Franciscan Skemp*


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4893-9465-1658.1                                    4

1     *Healthcare, Inc. v. Cent. States Joint Bd. Health & Welfare Trust Fund*, 538 F.3d 594, 596

2     (7th Cir. 2008)) (internal quotations omitted).

3          10.     The PREP Act is a complete preemption statute. As explained by the U.S.

4     Department of Health and Human Services ("HHS") in a January 2021 Advisory Opinion

5     issued by its Office of General Counsel ("OGC"), the PREP Act is a complete preemption

6     statute that establishes an exclusive federal remedy for claims falling thereunder.

7     Specifically, the legislation empowers the Secretary of HHS to issue a written declaration

8     and provide that a "covered person shall be immune from suit and liability under Federal

9     and State law with respect to all claims for loss caused by, arising out of, relating to, or

10     resulting from the administration to or the use by an individual of a covered countermeasure"

11     during a health emergency. 42 U.S.C. § 247d-6d(a)(l). The HHS Secretary's declaration is

12     controlling and cannot be reversed. Indeed, the PREP Act provides that "[n]o court of the

13     United States, or of any State, shall have subject matter jurisdiction to review, whether by

14     mandamus or otherwise, any action by the Secretary under this subsection." 42 U.S.C. §

15     247d-6d(b)(7). By these explicit directives, and particularly by making the actions of the

16     Secretary non-reviewable, Congress intended the Secretary's declaration (including any

17     amendments) to have the force of law.

18          11.     Under 42 U.S.C. § 247d-6d(d)(l), "the sole exception to the immunity from

19     suit and liability of covered persons ... shall be for an exclusive Federal cause of action

20     against a covered person for death or serious physical injury proximately caused by willful

21     misconduct." The PREP Act establishes the procedures applicable to such action/claims as

22     well.

23          12.     Here, Plaintiff's COVID-19 claims are completely preempted by the PREP

24     Act. The gravamen of Plaintiff's allegations makes clear that Defendant is a "covered

25     person" involved in a ''recommended activity" involving the use and administration of a

26     "covered countermeasure," i.e., a COVID-19 test, that resulted in a loss to Plaintiff; that is,

27     Plaintiff alleges a loss caused by Defendant allegedly negligent, willful/reckless misconduct

28     in connection with their administration of a COVID-19 test.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

13.    Plaintiff also asserts a claim alleging that Defendant engaged in willful/reckless misconduct in violation of Arizona Elder Abuse § 46-455 with respect to those covered countermeasures, to wit, a COVID-19 test. Recently, the Third Circuit Court of Appeals-the only circuit court to thus far interpret the complete preemptive effect of the PREP Act, concluded in *Maglioli v. Alliance Holdings, LLC*, 16 F.4th 393, 409 (3rd Cir. 2021) that the PREP Act is a complete preemption statute when willful misconduct is alleged. According to the Court, the PREP Act "unambiguously" creates an exclusive cause of action for willful misconduct thereby establishing original federal jurisdiction over such claims allowing removal jurisdiction under 28 U.S.C. §§ 1331 and 1442. *Maglioli*, citing 42 U.S.C. §§ 247d-6d, 247d-6e. Plaintiff's willful/reckless claim thus implicates the PREP Act.

14.    Defendant was acting as a "qualified person" during the relevant time period, as Defendant was authorized to use and administer covered countermeasures, including COVID-19 diagnostic testing.

15.    Moreover, at the time of the allegations set forth in the Complaint, Defendant was acting as a "program planner" that was responsible for administering and supervising a program related to the dispensing and using of a covered countermeasure for Plaintiff, specifically, the administration of COVID-19 diagnostic tests for employees/contractors sent into Mr. Uzzanti's home.

16.    Testing is unquestionably a "covered countermeasure" as defined by the PREP Act.

17.    As discussed above, the crux of Plaintiff's Complaint is that Defendant was negligent and/or reckless with respect to the administration of a diagnostic test for COVID-19 and other infection control protocols, and thus placed employees/contractors in Mr. Uzzanti's home that allegedly resulted in Mr. Uzzanti becoming infected with COVID-19, as a result of negligence and/or reckless/willful misconduct.

18.    As such, there can be no doubt that Plaintiff's claims "arose out of" or "related to" the use of and administration of a COVID-19 diagnostic test, a covered countermeasure

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4893-9465-1658.1

6

DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

1   to test for COVID-19 and are therefore the exact types of claims intended to be covered by

2   the PREP Act.

3        19.     Therefore, these claims are completely preempted, and Plaintiff's Complaint

4   invokes federal question jurisdiction. And as to any claim that is arguably not completely

5   preempted, the Court has supplemental jurisdiction pursuant to 28 U.S.C. pursuant to 28

6   U.S.C. § 1367. Accordingly, removal is proper under 28 U.S.C. § 144l(a).

7        **B.     Plaintiff's Complaint Meets the Beneficial Test of Complete Preemption**

8        20.     Despite Plaintiff's assertion of state law claims, the doctrine of complete

9   preemption is invoked and jurisdiction over these claims is exclusively federal. *See*

10  *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2003) ("When the federal statute

11  completely preempts the state- law cause of action, a claim which comes within the scope

12  of that cause of action, even if pleaded in terms of state law, is in reality based on federal

13  law"). *Beneficial* provides for a two-part test requiring the statutory: 1) preemption of all

14  other causes of action; and 2) creation of another, exclusive remedy. *See Beneficial*, 539

15  U.S. at 8. The PREP Act meets both these requirements.

16       21.     The PREP Act meets the first prong of the Beneficial test of preemption:

17       Subject to the other provisions of this section, a covered person shall be

18       ***immune from suit and liability*** under Federal and State law with respect to
     all claims for loss caused by, arising out of, relating to, or resulting from the

19       administration to or the use by an individual of a covered countermeasure if
     a declaration under subsection (b) has been issued with respect to such

20       countermeasure.

21  § 247d-6d(a)(1) (emphasis added); *see also* (b)(8) ("during…a declaration…no State…may

22  establish, enforce, or continue in effect any provision of law or legal requirement that–is

23  different from…any requirement applicable under this section").

24       22.     The PREP Act further provides that this immunity "applies to any claim for

25  loss that has a causal relationship with the administration to or use by an individual of a

26  covered countermeasure . . . or use of such countermeasure." § 247d- 6d(a)(2)(B). HHS has

27  instructed time and again that this preemption is to be given the broadest possible

28  application.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4893-9465-1658.1          7

DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

23.     The PREP Act meets the second prong of the Beneficial complete preemption test by providing an extensive claims and litigation process for COVID-19 claimants, such as Plaintiff. Specifically, the PREP Act establishes a no-fault monetary fund for those injured by the use or administration of covered countermeasures that must be exhausted prior to relief under the federal civil claims process (§ 247d-6e(a), (d)(1)), requiring an exclusive federal remedy for all claims related to countermeasures (§ 247d-6e(d)(5)), and providing a Federal cause of action as the single exception to immunity for willful misconduct (§ 247d-6d(d)(1)).

24.     Accordingly, the PREP Act completely preempts all other state and federal law claims and affords immunity protection from suit and liability to a "covered person" (such as Defendant) who engaged in "recommended activities", such as by using, managing and operating "covered countermeasures," countermeasure "programs," and countermeasure "locations" during times of a national public health emergency. See § 247d-6d(i)(1-2).

25.     Because the allegations in Plaintiff's Complaint invoke the PREP Act, this action is subject to removal under the doctrine of complete preemption.

## V.     JURISDICTION EXISTS PURSUANT TO THE FEDERAL OFFICER REMOVAL STATUTE (28 U.S.C. § 1442(A)(1))

26.     Removal is also proper under 28 U.S.C. § 1442(a)(1), which provides for removal when Defendant is sued for acts undertaken at the direction of a federal officer.

27.     "Unlike the general removal statute, the federal officer removal statute [Section 1442(a)] is to be 'broadly construed' in favor of a federal forum." *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) [noting the U.S. Supreme Court has held the right of removal is "absolute" for conduct performed under color of federal office, and "has insisted that the policy favoring removal 'should not be frustrated by a narrow, grudging interpretation of § 1442(a)(1).'"].

28.     The case is removable pursuant to section 1442(a) because (1) Defendant is a "person" within the meaning of the statute; (2) Plaintiff's claims are based upon Defendant's

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4893-9465-1658.1                                    8
DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

1   conduct acting under: the United States, its agencies, or its officers as members of the nation's

2   critical infrastructure and critical partners of HHS; (3) Plaintiff's claims are for, or relating

3   to: an act under color of federal office; and (4) Defendant raise a colorable federal defense to

4   Plaintiff's claims. *See Stirling v. Minasian*, 955 F.3d 795 (9th Cir. 2020). All requirements

5   for removal under § 1442(a)(1) are satisfied here.

6       29.   Defendant is a "person" under the federal officer removal statute pursuant to

7   Section 1442(a)(1). *Goncalves v. Rady Children's Hosp. Los Angeles*, 865 F.3d 1237, 1245

8   (9th Cir. 2017); 1 U.S.C. § 1 [word "person" includes corporations, companies, associations,

9   firms, partnerships, societies, and joint stock companies, as well as individuals].

10      30.   The "acting under" requirement, like the federal removal statute overall, is to

11  be "liberally construe[d]" to cover actions that involve "an effort to assist, or to help carry

12  out, the federal supervisor's duties or tasks." *Goncalves v. Rady Children's Hosp. Los

13  Angeles*, 865 F.3d 1237, 1247 (9th Cir. 2017); *Ruppel v. CBS Corp.*, 701 F.3d 1176, 1181

14  (7th Cir. 2012) quoting *Watson v. Philip Morris Cos., Inc.*, 551 U.S. 142 (2007); *see also

15  Defender Ass'n of Phila. v. Johnson*, 790 F.3d 457, 468 (3d Cir. 2015).

16      31.   To satisfy the second requirement ("acting under" a federal officer), "a private

17  person's actions 'must involve an effort to assist, or to help carry out, the duties or tasks of

18  the federal superior.'" *Watson v. Philip Morris Cos*., 551 U.S. 142, 152 (2007). Federal courts

19  "have explicitly rejected the notion that a Defendant could only be 'acting under' a federal

20  officer if the complained-of conduct was done at the specific behest of the federal officer or

21  agency." *Papp v. Fore-Kast Sales Co.*, 842 F.3d 805, 813 (3d Cir. 2016). This requirement,

22  too, is to be liberally construed. *Watson*, 551 U.S. at 152.

23      32.   "[R]emoval by a 'person acting under' a federal officer must be predicated upon

24  a showing that the acts that form the basis for the state civil or criminal suit were performed

25  pursuant to an officer's direct orders or to comprehensive and detailed regulations. *Cf. Bakalis

26  v. Crossland Savings Bank*, 781 F. Supp. 140, 144-145 (E.D.N.Y. 1991) ('The rule that

27  appears to emerge from the case law is one of 'regulation plus....'") *Ryan v. Dow Chemical

28  Co.*, 781 F. Supp. 934, 947 (E.D.N.Y. 1992) "This control requirement can be satisfied by

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4893-9465-1658.1                                    9
DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

1  strong government intervention and the threat that a Defendant will be sued in state court
2  'based upon actions taken pursuant to federal direction.'" *See Fung v. Abex, Corp.*, 816 F.
3  Supp. 569, 572 (N.D. Cal. 1992). The "acting under" requirement is met when Defendant is
4  acting pursuant to detailed and ongoing instructions from a federal officer. *Winters v.*
5  *Diamond Shamrock Chem. Co.*, 149 F.3d. 387 (5th Cir. 1998).

6      33.    Prior to the current national pandemic, regulation of home health care or
7  hospice was very general in nature, requiring nursing homes to comply with certain quality
8  of care rules and regulations.

9      34.    The healthcare community's response to this pandemic was coordinated at a
10 national level by HHS, the CDC, the FDA and CMS, and entailed the issuance of detailed
11 directives to healthcare providers and caregivers to identify and sequester infected patients,
12 which patients under investigation were to be tested, and the use of personal protective
13 equipment. All cases positive for COVID-19 were reported to the CDC, and initially all
14 testing was conducted solely through the CDC.

15     35.    In January 2020, in response to the pandemic and the national state of
16 emergency, CMS and the CDC, began issuing extremely detailed and pervasive directives
17 to healthcare facilities as members of the nation's critical infrastructure and as part of the
18 coordinated national effort to respond to and contain the COVID-19 pandemic. The issuance
19 of in time and evolving guidance in response to a public health emergency was in contrast
20 to the role of CMS before the pandemic. Prior to the pandemic, the focus was on ensuring
21 compliance with existing regulations. However, throughout the pandemic, CMS, CDC and
22 HHS specifically instructed these facilities to take or not take particular clinical and
23 operational actions in the absence of finding deficiencies that would otherwise require the
24 facility to develop its own plan of correction.

25     36.    This oversight is analogous to *Fields v. Brown*, 519 F. Supp.3d 388 (E.D. Tex.
26 Feb. 11, 2021) and *Wazelle v. Tyson Foods, Inc.*, 2:20-CV-203-Z, 2021 WL 2637335, (N.D.
27 Tex. June 25, 2021), which held that a Tyson Foods meatpacking facility was "acting under"
28 the direction of a federal officer because Tyson Foods "exhibited 'an effort to help assist, or

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  carry out, the duties and tasks'" of the federal government by "working directly with the

2  Department of Agriculture and the [Food Safety and Inspection Service] to guarantee that

3  there was an adequate food supply" during the COVID-19 pandemic.

4       37.  Further, on November 3, 2021, in *Johnson v. Tyson Foods, Inc.,* et. al., No. 21-

5  CV-01161-STA-JAY (W.D. TN., November 3, 2021), another court adopted the reasoning

6  of *Wazelle* and *Fields*. "When a national emergency was declared in response to the

7  COVID-19 pandemic on March 13, 2020, Tyson Foods, along with other components of

8  the Food and Agriculture Sector, was designated as critical infrastructure." *Fields*, 519 F.

9  Supp. 3d at 392. From that point forward, Tyson Foods "interacted," "collaborat[ed]," and

10 "work[ed] directly with" federal officers to assist the U.S. government to fulfill the

11 government's responsibility of "guarantee[ing] that there was an adequate food supply."

12 *Id*. at 293. "Accordingly, ...[Tyson was] 'acting under' the directions of federal officials"

13 from the time of the national emergency declaration. *Wazelle*, 2021 WL 2637335, at *5.

14 **VI.   PLAINTIFF'S ALLEGATIONS IN THE COMPLAINT**

15      38.   The general claim in the action is that Synergy HomeCare negligently placed a

16 caregiver, Maria ("Caregiver"), who became infected with COVID-19 into the Decedent

17 James Uzzanti's ("Decedent" or Mr. Uzzanti") home, which allegedly resulted in Mr. Uzzanti

18 becoming infected with COVID-19 and ultimately causing Mr. Uzzanti's death. The events

19 in question took place in July-August 2020, near the start of the current and ongoing global

20 COVID pandemic.

21      39.   The gravamen of the action and the key portions of Plaintiff's Complaint are

22 paragraphs 16-31, wherein it is alleged that the manner in which Synergy Homecare

23 implemented  COVID-19  prevention  protocols,  and  in  particular,  testing  of  its

24 employees/contractors for the virus prior to placing them into homes was insufficient and

25 caused the Mr. Uzzanti to become infected with COVID-19. Indeed, the Complaint basically

26 alleges  that  Synergy  Homecare  should  have  been  testing  caregivers  and  other

27 employees/contractors and getting the results before they sent them to the Mr. Uzzanti's

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  home, irrespective of a lack of rapid testing at the time, and that they failed to do so in this

2  case. On these basic set of facts Plaintiff also alleges an Elder Abuse claim.

3      40.    When taken as a whole, the Complaint essentially challenges the way Synergy

4  HomeCare used and administered COVID tests to its employee/contractors, the decisions it

5  made as to how and when to administer the test, and/or the implementation and/or use of

6  COVID infection prevention protocols by the company to protect Mr. Uzzanti, all of which,

7  on information and belief, were being guided by and were based upon Centers for Disease

8  Control (CDC), Department of Health and Human Services (HHS), and other Federal and

9  State agency guidelines and directives.

10  **VII.   NO WAIVER**

11      41.    Nothing in this Notice of Removal shall be interpreted as a waiver or

12  relinquishment of Defendant's right to petition the court to compel arbitration or assert any

13  defense or affirmative matter including, without limitation, the defenses of (1) lack of

14  jurisdiction over a person; (2) improper venue; (3) insufficiency of process; (4) insufficiency

15  of service of process; (5) failure to state a claim; or (6) any other procedural or substantive

16  defense available under state or federal law.

17      42.    Removal to federal court is proper in this case and the undersigned counsel for

18  Defendant have read the foregoing and signs this Notice of Removal pursuant to Fed. R. Civ.

19  P. 11, as required by 28 U.S.C. § 1446(a).

20      **WHEREFORE**, Defendant respectfully removes this action from the Superior Court

21  of Arizona, County of Maricopa, to this Court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446,

22  and provides Plaintiff of notice of same. Should any question arise as to the propriety of this

23  removal, Defendant respectfully requests an opportunity to provide further briefing and oral

24  argument.

25  ///

26  ///

27  ///

28  ///

4893-9465-1658.1          12
DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

1    DATED:  January 21. 2022          LEWIS BRISBOIS BISGAARD & SMITH LLP

2                                   By:  _/s/ Rita R. Kanno_____

3                                        Kevin C. Nicholas
                                         Jerica L. Peters
                                         Lann G. McIntyre
4                                        Rita R. Kanno
                                         Attorneys for Defendant
5                                        Kelsar Inc. dba Synergy HomeCare

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**LEWIS
BRISBOIS
BISGAARD
& SMITH LLP**
ATTORNEYS AT LAW

**EXHIBIT A**



O'STEEN & HARRISON
ATTORNEYS AT LAW

CLERK OF THE
SUPERIOR COURT
RECEIVED CCC #4
NIGHT DEPOSITORY

21 DEC 23   PM 2:01

FILED
BY M. Fisher, DEP

1 | Lincoln Combs, Esq. – State Bar #025080
Jarred J. McBride, Esq. – State Bar #028914
2 | **O'STEEN & HARRISON, PLC**
300 W. Clarendon Ave., Suite 400
3 | Phoenix, Arizona 85013-3424
**(602) 252-8888**
4 | **(602) 274-1209 FAX**
lcombs@vanosteen.com
5 | jmcbride@vanosteen.com
6 | **Attorneys for Plaintiff**
7 |



8 |                   IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

9 |                       IN AND FOR THE COUNTY OF MARICOPA

10 | TIMOTHY UZZANTI, personal                    No. CV2021-015214
11 | representative of the ESTATE OF JAMES
UZZANTI, deceased, on behalf of the
12 | ESTATE OF JAMES UZZANTI,                      **SUMMONS**

13 |              Plaintiff,

14 | v.                                            If you would like legal advice from a lawyer,
                                                   Contact the Lawyer Referral Service at
15 | KELSAR, INC, a domestic corporation doing          602-257-4434
business as SYNERGY HOMECARE OF                        or
16 | PARADISE VALLEY; JOHN DOES and                   www.maricopabar.org
JANE DOES I-X; ABC BUSINESS                       Sponsored by the
17 | ENTITIES I-X,                               Maricopa County Bar Association

18 |              Defendants.

19 |

20 |

21 |

22 |

23 | ┌─────────────────────────────────────────────────────────────┐
    | **WARNING: This is an official document from the court that affects your rights.**
24 | **Read this carefully.**
    | **If you do not understand it, contact a lawyer for help.**
25 | └─────────────────────────────────────────────────────────────┘

26 |



O'STEEN & HARRISON
ATTORNEYS AT LAW

1   within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day

2   you were served. Service by a registered process server or the Sheriff is complete when made.

3   Service by Publication is complete thirty (30) days after the date of the first publication.

4        4.     You can get a copy of the court papers filed in this case from the Petitioner at the

5   address listed at the top of the preceding page, from the Clerk of the Superior Court's Customer

6   Service Center at:

7        •    601 West Jackson, Phoenix, Arizona 85003

8        •    18380 North 40th Street, Phoenix, Arizona 85032

9        •    222 East Javelina Avenue, Mesa, Arizona 85210

10       •    14264 West Tierra Buena Lane, Surprise, Arizona 85374.

11       5.     Requests for reasonable accommodation for persons with disabilities must be

12   made to the division assigned to the case by the party needing accommodation or his/her counsel

13   at least three (3) judicial days in advance of a scheduled proceeding.

14       6.     Requests for an interpreter for persons with limited English proficiency must be

15   made to the division assigned to the case by the party needing the interpreter and/or translator

16   or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

17       7.     Eviction Actions/Forcible Detainers: If you want to request a telephonic hearing,

18   please contact the judge assigned to your case. If you do not know your assigned judge, or have

19   not been assigned a judge, please contact Civil Court Administration at 602-506-1497.

20

21   SIGNED AND SEALED this date   DEC 2 3 2021       JEFF FINE, CLERK

22                            CLERK OF SUPERIOR COURT

23

24   By

25        Deputy Clerk

26            C. O'Neill
             Deputy Clerk

Keith Blanchard
P.O. Box 4552
Scottsdale, Arizona 85261
602-488-9762

CLERK OF THE
SUPERIOR COURT
RECEIVED CCC #4
NIGHT DEPOSITORY

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA      21 DEC 23  PM 2: 0

IN AND FOR THE COUNTY OF MARICOPA

FILED
BY M. Fisher, DEP

TIMOTHY UZZANTI, personal representative
of the ESTATE OF JAMES UZZANTI, deceased,
on behalf of the ESTATE OF JAMES UZZANTI,

Plaintiff,

vs.

Case No.: CV2021-015214

Certificate of Service

KELSAR, INC., a domestic corporation doing
Business as SYNERGY HOMECARE OF
PARADISE VALLEY; et al,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Keith Blanchard, being duly sworn states: That I am qualified to serve process in this
cause, having been appointed by the Superior Court in Maricopa County. I swear under
the penalty of perjury that the following is true and accurate. I received the following
documents in this action: Summons, Compliant, First Amended Complaint and
Certificate of Compulsory Arbitration from C. Lincoln Combs (025080) of O'STEEN &
HARRISON, PLC, on December 22, 2021, and in each instance, I personally served a
copy of each document listed above on those named below in the manner and at the time
and place shown:

Service upon: **Kelsar, Inc.,** by serving one true copy of the above documents upon Sarah
Engelhardt, Statutory Agent (White female, 45, 5'7", 120, brown hair) at her usual place
of abode. Service effected at 141 W. Boca Raton, Phoenix, AZ 85023. Service completed
on December 22, 2021 at 4:45 p.m.

Original service was attempted at 4529 E. Everett Drive, Phoenix, AZ 85032 on
December 22, 2021 at 2:30 p.m. This address was a rented Airbnb.

I declare under penalty of perjury that the forgoing is true and correct and was executed
on this date: <u>December 23, 2021.</u>

Keith Blanchard, Affiant

| $ | 16.00 | Service |
| $ | 43.20 (18) | Mileage |
| $ | 48.00 (20) | Attempted Mileage |
| $ | 10.00 | Processing Fee |
| $ | 117.20 | Total |

O'STEEN & HARRISON
ATTORNEYS AT LAW

| | |
|---|---|
| 1 | Lincoln Combs, Esq. – State Bar #025080 |
| | Jarred J. McBride, Esq. – State Bar #028914 |
| 2 | **O'STEEN & HARRISON, PLC** |
| | 300 W. Clarendon Ave., Suite 400 |
| 3 | Phoenix, Arizona 85013-3424 |
| | (602) 252-8888 |
| 4 | (602) 274-1209 FAX |
| 5 | lcombs@vanosteen.com |
| | jmcbride@vanosteen.com |
| 6 | |
| | **Attorneys for Plaintiff** |
| 7 | |
| 8 | IN THE SUPERIOR COURT OF THE STATE OF ARIZONA |
| 9 | IN AND FOR THE COUNTY OF MARICOPA |

| | | |
|---|---|---|
| 10 | TIMOTHY UZZANTI, personal | No. CV2021-015214 |
| 11 | representative of the ESTATE OF JAMES | |
| | UZZANTI, deceased, on behalf of the | |
| 12 | ESTATE OF JAMES UZZANTI, | **SUMMONS** |
| 13 | Plaintiff, | |
| 14 | v. | |
| 15 | KELSAR, INC, a domestic corporation doing | |
| | business as SYNERGY HOMECARE OF | |
| 16 | PARADISE VALLEY; JOHN DOES and | |
| | JANE DOES I-X; ABC BUSINESS | |
| 17 | ENTITIES I-X, | |
| 18 | Defendants. | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | **WARNING: This is an official document from the court that affects your rights.** |
| 24 | **Read this carefully.** |
| | **If you do not understand it, contact a lawyer for help.** |
| 25 | |
| 26 | |

O'STEEN & HARRISON
ATTORNEYS AT LAW

1   FROM THE STATE OF ARIZONA TO:

2   **KELSAR, INC. D/B/A SYNERGY HOMECARE OF PARADISE VALLEY**

3

4   1.   A lawsuit has been filed against you. A copy of the lawsuit and other court papers

5   are served on you with this "Summons."

6   2.   If you do not want a judgment or order taken against you without your input, you

7   must file an "Answer" or a "Response" in writing with the court, and pay the filing fee. If you

8   do not file an "Answer" or "Response" the other party may be given the relief requested in

9   his/her Petition or Complaint. To file your "Answer" or "Response" take, or send, the "Answer"

10   or "Response" to the:

11   •   Office of the Clerk of the Superior Court, 201 West Jefferson Street,

12   Phoenix, Arizona 85003- 2205 OR

13   •   Office of the Clerk of the Superior Court, 18380 North 40th Street,

14   Phoenix, Arizona 85032 OR

15   •   Office of the Clerk of Superior Court, 222 East Javelina Avenue, Mesa,

16   Arizona 85210-6201

17   OR

18   •   Office of the Clerk of Superior Court, 14264 West Tierra Buena Lane,

19   Surprise, Arizona, 85374.

20   Mail a copy of your "Response" or "Answer" to the other party at the address listed on the top

21   of this Summons.

22   3.   If this "Summons" and the other court papers were served on you by a registered

23   process server or the Sheriff, within the State of Arizona, your "Response" or "Answer" must

24   be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting

25   the day you were served. If this "Summons" and the other papers were served on you by a

26   registered process server or the Sheriff outside the State of Arizona, your Response must be filed

O'STEEN &HARRISON
ATTORNEYS AT LAW

1  within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day

2  you were served. Service by a registered process server or the Sheriff is complete when made.

3  Service by Publication is complete thirty (30) days after the date of the first publication.

4     4.     You can get a copy of the court papers filed in this case from the Petitioner at the

5  address listed at the top of the preceding page, from the Clerk of the Superior Court's Customer

6  Service Center at:

7     •     601 West Jackson, Phoenix, Arizona 85003

8     •     18380 North 40th Street, Phoenix, Arizona 85032

9     •     222 East Javelina Avenue, Mesa, Arizona 85210

10    •     14264 West Tierra Buena Lane, Surprise, Arizona 85374.

11    5.     Requests for reasonable accommodation for persons with disabilities must be

12  made to the division assigned to the case by the party needing accommodation or his/her counsel

13  at least three (3) judicial days in advance of a scheduled proceeding.

14    6.     Requests for an interpreter for persons with limited English proficiency must be

15  made to the division assigned to the case by the party needing the interpreter and/or translator

16  or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

17    7.     Eviction Actions/Forcible Detainers: If you want to request a telephonic hearing,

18  please contact the judge assigned to your case. If you do not know your assigned judge, or have

19  not been assigned a judge, please contact Civil Court Administration at 602-506-1497.

20

21  SIGNED AND SEALED this date     _____

22                                                        CLERK OF SUPERIOR COURT

23

24

25  By_____

26        Deputy Clerk



Clerk of the Superior Court
*** Electronically Filed ***
T. Hays, Deputy
12/13/2021 10:22:23 AM
Filing ID 13710305

1  Lincoln Combs, Esq. – State Bar #025080
2  Jarred J. McBride, Esq. – State Bar #028914
   **O'STEEN & HARRISON, PLC**
3  300 W. Clarendon Ave., Suite 400
   Phoenix, Arizona 85013-3424
4  (602) 252-8888
5  (602) 274-1209 FAX
   lcombs@vanosteen.com
6  jmcbride@vanosteen.com
7  **Attorneys for Plaintiff**

8

9                IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

10                   IN AND FOR THE COUNTY OF MARICOPA

11  TIMOTHY UZZANTI, personal                  No. CV2021-015214
    representative of the ESTATE OF JAMES
12  UZZANTI, deceased, on behalf of the
    ESTATE OF JAMES UZZANTI,                   **FIRST AMENDED COMPLAINT**
13
14              Plaintiff,                     **(Elder Abuse)**

15  v.
                                               **(Jury Trial Requested)**
16  KELSAR, INC, a domestic corporation doing
    business as SYNERGY HOMECARE OF
17  PARADISE VALLEY; JOHN DOES and
    JANE DOES I-X; ABC BUSINESS
18  ENTITIES I-X,

19              Defendants.

20

21

22
        Plaintiff, by and through his attorneys undersigned, and for his claims against the
23
    Defendant Kelsar, Inc., doing business as Synergy HomeCare of Paradise Valley, allege as
24
    follows:
25
                        **PARTIES, JURISDICTION AND VENUE**
26
        1.    Timothy Uzzanti is the grandson of the late James Uzzanti.  At all relevant times,
27
    he was a resident of Maricopa County, Arizona.  He brings this action on behalf of the Estate of
28

O'STEEN & HARRISON
ATTORNEYS AT LAW

James Uzzanti as Personal Representative of the Estate.

2. Kelsar, Inc. is a domestic for-profit corporation. Upon information and belief, Kelsar, Inc. operates as Syngery HomeCare of Paradise Valley.

3. John and Jane Does I-X and ABC Business Entities I-X are persons, corporations, companies, partnerships, or other entities which are believed to have participated in the wrongs alleged in this Complaint. Leave to amend will be sought when the true identities of these Defendants become known.

4. All acts and omissions of the any individual Defendants occurred during the course and scope of their employment and/or agency with Defendant Kelsar, Inc., doing business as Synergy HomeCare of Paradise Valley, and were for the benefit of their respective marital community.

5. Defendant, and its employees, acted at all times within the course and scope of their employment or agency with any corporate or other Defendant named herein.

6. All Defendants identified as corporations or other such entities were, at all times mentioned herein, acting by and through officers, employees, agents, and contractors, who were acting within the course and scope of their employment and authority, and acting as an enterprise as referred to in A.R.S. §46-455(B) and (P), such that these corporations or other such entities are bound by and vicariously liable for the conduct of their officers, agents, employees, and contractors. Such corporations or other such entities are also directly liable for their own negligence, recklessness, and other tortious conduct in the hiring and supervision of the officers, employees, agents and contractors whose conduct gives rise to this action.

7. Jurisdiction and venue are proper in Maricopa County, Arizona.

**GENERAL ALLEGATIONS**

8. James Uzzanti, an elderly man in his mid-90s, was receiving in-home healthcare and other care services through Synergy HomeCare of the West Valley. Services were provided at James' residence located at 4612 West Mercer Lane, in Phoenix, Arizona.

9. To provide closer supervision and comfort for James, while allowing him to

O'STEEN & HARRISON
ATTORNEYS AT LAW

maintain some degree of independence, James moved to Plaintiff Timothy Uzzanti's casita located at 7862 Softwind Drive, Scottsdale, Arizona 85255.  Timothy is James Uzzanti's grandson.

10.     Due to the change in service address, Synergy HomeCare of the West Valley requested that James's care be moved to Defendant Kelsar, Inc. d/b/a Synergy HomeCare Paradise Valley.

11.     James had grown very confident and comfortable with Synergy HomeCare of the West Valley and was assured of a smooth transition to the Paradise Valley Synergy franchise.

12.     At the time Synergy of Paradise Valley took over eldercare services, James was a healthy 95-year-old.  His only ailments were high blood pressure and allergy-induced asthma.

13.     In early March 2020, when the COVID pandemic was becoming recognized in Arizona, Synergy of Paradise Valley did not react to federal and state guidelines, directions, and recommendations.

14.     As COVID-19 cases increased across Arizona, Timothy Uzzanti's family quarantined for their safety, and the safety of James, who was considered "high-risk" due to his age.

15.     On April 8, 2020, Governor Ducey signed Executive Order 2020-22, which noted that the elderly population was one of the groups most at risk of COVID-19.  The Executive Order required institutions and entities treating or caring for the elderly to implement symptom screening of staff and to ensure that all staff was equipped with and wearing appropriate personal protective equipment.

16.     Executive Order 2020-28, signed by Governor Ducey, required caregivers to be provided with additional training through the pandemic. Specifically, Executive Order 202-28 contained a provision that all employers still in business develop, establish, and implement policies and procedures based on guidance from the Center for Disease Control (CDC), the Department of Labor, Occupational Safety and Health Administration (OSHA), and the Arizona Department of Health Services (ADHS) to limit the migration and spread of COVID-19.

O'STEEN&HARRISON
ATTORNEYS AT LAW

17.     James' regular caregiver, Maria Estrella de Galvez, was present with him in the casita, in close contact, on Wednesday July 29, 2020, through August 1, 2020.

18.     On August 1, 2020, Maria began to develop symptoms of the COVID-19 virus.

19.     Due to her lack of training regarding COVID-19 issues, Maria thought she was suffering from a bad cold.

20.     Eventually, Maria reported her condition to Synergy of Paradise Valley. Although Maria put her employer on notice of her condition, no one at Synergy of Paradise Valley notified James or Timothy Uzzanti of her illness, the assignment of a temporary caregiver, or that James was possibly exposed to COVID-19 by Maria.

21.     Maria did not report to work on August 2, 2020. Instead, on that date, she submitted to a COVID-19 test.

22.     On August 5, 2020, James began to complain that he had a cold. He also appeared to have fluid in his lungs.

23.     The next day, on August 6, 2020, James' heart rate was 130 and his oxygen level was 87.  His health appeared to be worsening.

24.     On August 6, 2020, Maria was notified that her COVID-19 test was positive.  After she received this information, she alerted Synergy of Paradise Valley management.

25.     No one from Synergy of Paradise Valley attempted to notify James or Timothy Uzzanti of Maria's positive test and James' exposure to COVID-19.

26.     On August 7, 2020, Maria contacted Timothy Uzzanti to notify him directly of her positive COVID-19 test results.  During the conversation, Maria expressed concern that she was going to get in trouble for telling James's family her status.

27.     Upon receiving information of the positive test from Maria, Timothy scheduled a COVID-19 test for James the next day, on August 8, 2020.  When James appeared for the test, his oxygen level was 83 and he was instructed to go directly to the hospital.

28.     James was taken to the Scottsdale Honor Health facility on August 8, 2020, where he was diagnosed with COVID-19.

O'STEEN&HARRISON
ATTORNEYS AT LAW

29.     James never left the hospital and passed away on August 21, 2020.

## COUNT I

### (NEGLIGENCE)

30.     Plaintiff hereby re-alleges each and every allegation above as if fully set forth herein.

31.     Defendant had a duty to keep James safe and healthy, and to protect him from the spread of COVID-19. They also had a duty to establish and implement meaningful protocols and procedures to limit the spread of COVID-19 and to ensure that patients like James did not contract the virus from its employee.

32.     Defendant breached its duties by exposing James to COVID-19.

33.     Defendant also had a duty to notify the Uzzanti family of James' exposure to the virus upon learning that Maria had tested positive.

34.     Defendant breached their duty by not informing Timothy and/or James Uzzanti of the exposure to COVID-19 and/or Maria's positive COVID-19 test result.

35.     As a direct and proximate cause of the Defendant's breaches of its duties, James contracted COVID-19 and died as a result.

36.     As a direct and proximate cause of Defendant's breaches of its duties, Plaintiff has forever lost the love, companionship, care, protection, and guidance of James Uzzanti in an amount to be decided by the finder of fact at trial.

37.     As a direct and proximate cause of Defendant's breaches of its duties, Plaintiff has suffered, and will continue to suffer, pain, grief, sorrow, anguish, shock, stress, and mental suffering in an amount to be decided by the finder of fact at trial.

38.     As a direct and proximate cause of Defendant's negligence, the Estate of James Uzzanti has suffered damages in the form of incurred medical costs and other expenses in an amount to be decided by the finder of fact at trial.

/ / /

/ / /

O'STEEN&HARRISON
ATTORNEYS AT LAW

## COUNT II

### (ELDER ABUSE—VIOLATION OF § 46-455)

39.   Plaintiff hereby re-alleges all prior allegations above as if fully set forth herein.

40.   The acts and omissions of Defendant constitutes a breach of the above-described duties, a deviation from the appropriate standard of care, and the reckless disregard for the needs of James Uzzanti, constituting abuse and neglect of an elder adult, as defined by statute, giving rise to a cause of action under A.R.S. § 46-455.

41.   Based on the foregoing allegations, Defendant and its employees (and agents) had a reasonable basis to suspect that James Uzzanti was the victim of abuse or neglect as defined by A.R.S. §§ 46-451, *et seq.*

42.   As a direct and proximate result of the abuse and neglect by Defendant, including these Defendant's reckless disregard for the health and safety of James Uzzanti, James Uzzanti experienced a deterioration of his health due to COVID-19, and ultimately died.

43.   As a direct and proximate result of the abuse and neglect by Defendant, James Uzzanti endured pain and suffering prior to his death for which his estate seeks damages.

44.   As a direct and proximate cause of Defendant's violations of A.R.S. §§ 46-451, *et seq.*, the Estate of James Uzzanti suffered damages in the form of incurred medical costs and other expenses in an amount to be decided by the finder of fact at trial.

### TIER DESIGNATION

Given the complexity of and magnitude of damages in this case, Plaintiff certifies that this case warrants case management and pretrial discovery under Tier 3.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

### PRAYER

WHEREFORE, the Estate of James Uzzanti prays for judgment against Defendant, including:

(a)   Compensatory damages according to proof at trial;

O'STEEN & HARRISON
ATTORNEYS AT LAW

(b)     Expenses of the funeral and burial;

(c)     Expenses of medical care and services for the injuries that resulted in the death;

(d)     Pain and suffering incurred by James Uzzanti when he contracted COVID-19 and died as a result.

(e)     General and special damages as allowed by law for the wrongful death of James Uzzanti;

(g)     Taxable costs as permitted by Arizona law;

(f)     Punitive damages to punish Defendant and deter like conduct in the future; and

(g)     Such further relief and orders as the Court deems appropriate.


DATED December 13, 2021.


                                        O'STEEN & HARRISON, PLC



                                        _____
                                        Lincoln Combs
                                        Jarred J. McBride
                                        300 W. Clarendon Ave., Suite 400
                                        Phoenix, Arizona 85013-3424
                                        Attorneys for Plaintiff


**ORIGINAL** of the foregoing e-filed
this 13th day of December 2021 with:

TurboCourt.com
Clerk of the Court
Maricopa County Superior Court

By /s/ Kat Lane   _____

Office Distribution

# SUPERIOR COURT OF ARIZONA
## MARICOPA COUNTY

**FILED**
12/01/2021
by Superior Court Admin
on behalf of Clerk of the
Superior Court

11/27/2021

COURT ADMINISTRATION

Ct. Admin
Deputy

**Case Number:** CV2021-015214

**Timothy Uzzanti**

**V.**

**Synergy Homecase Franchising L L C**

The Judge assigned to this action is the Honorable Jay Adleman

### NOTICE OF INTENT TO DISMISS FOR LACK OF SERVICE

You are hereby notified that the complaint filed on 09/27/2021 is subject to dismissal pursuant to Rule 4 (i) of the Arizona Rules of Civil Procedure. The deadline for completing service is 12/27/2021. If the time for completing service has not been extended by the court and no defendants have been served by this date, the case will be dismissed without prejudice.

All documents required to be filed with the court should be electronically filed through Arizona Turbo Court at www.azturbocourt.gov.

Superior Court of Maricopa County - Integrated Court Information System
**Endorsee Party Listing**
Case Number: CV2021-015214

| Party Name | Attorney Name | |
|---|---|---|
| Timothy Uzzanti | Lincoln Combs | Bar ID: 025080 |

Clerk of the Superior Court
*** Electronically Filed ***
A. Sutton, Deputy
9/27/2021 5:01:53 PM
Filing ID 13426449

Person/Attorney Filing: Lincoln Combs
Mailing Address: 300 W Clarendon Ave Ste 400
City, State, Zip Code: Phoenix, AZ 85013
Phone Number: (602)252-8888
E-Mail Address: lcombs@vanosteen.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 025080, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

Timothy Uzzanti
Plaintiff(s),
v.
Synergy Homecare Franchising, LLC,
DBA Synergy Homecare of the East
Valley, et al.
Defendant(s).

Case No.  **CV2021-015214**

**SUMMONS**

To: Jane Doe Endredy

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *September 27, 2021*

*JEFF FINE*
Clerk of Superior Court

By: *AMBER SUTTON*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

Clerk of the Superior Court
*** Electronically Filed ***
A. Sutton, Deputy
9/27/2021 5:01:53 PM
Filing ID 13426448

Person/Attorney Filing: Lincoln Combs
Mailing Address: 300 W Clarendon Ave Ste 400
City, State, Zip Code: Phoenix, AZ 85013
Phone Number: (602)252-8888
E-Mail Address: lcombs@vanosteen.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 025080, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Timothy Uzzanti
Plaintiff(s),
v.
Synergy Homecare Franchising, LLC,
DBA Synergy Homecare of the East
Valley, et al.
Defendant(s).

Case No.  CV2021-015214

**SUMMONS**

To: Michael Endredy

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
   served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an
   Answer in writing with the Court, and you must pay the required filing fee. To file your
   Answer, take or send the papers to <u>Clerk of the Superior Court, 201 W. Jefferson,
   Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's
   approved electronic filing systems at http://www.azcourts.gov/efilinginformation.</u>
   Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
   of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents
   in this case.

3. If this Summons and the other court papers were served on you within the State of
   Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
   date of service, not counting the day of service. If this Summons and the other court papers
   were served on you outside the State of Arizona, your Answer must be filed within
   THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
   service.

AZTurboCourt.gov Form Set #6129898

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *September 27, 2021*

*JEFF FINE*
Clerk of Superior Court

By: *AMBER SUTTON*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

2

Clerk of the Superior Court
*** Electronically Filed ***
A. Sutton, Deputy
9/27/2021 5:01:53 PM
Filing ID 13426447

Person/Attorney Filing: Lincoln Combs
Mailing Address: 300 W Clarendon Ave Ste 400
City, State, Zip Code: Phoenix, AZ 85013
Phone Number: (602)252-8888
E-Mail Address: lcombs@vanosteen.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 025080, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

Timothy Uzzanti
Plaintiff(s),
v.
Synergy Homecare Franchising, LLC,
DBA Synergy Homecare of the East
Valley, et al.
Defendant(s).

Case No.  **CV2021-015214**

**SUMMONS**

To: Endredy Enterprises, LLC

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
   served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an
   Answer in writing with the Court, and you must pay the required filing fee. To file your
   Answer, take or send the papers to <u>Clerk of the Superior Court, 201 W. Jefferson,
   Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's
   approved electronic filing systems at http://www.azcourts.gov/efilinginformation.</u>
   Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
   of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents
   in this case.

3. If this Summons and the other court papers were served on you within the State of
   Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
   date of service, not counting the day of service. If this Summons and the other court papers
   were served on you outside the State of Arizona, your Answer must be filed within
   THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
   service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *September 27, 2021*

*JEFF FINE*
Clerk of Superior Court

By: *AMBER SUTTON*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

AZturboCourt.gov Form Set #8125998

2

Clerk of the Superior Court
*** Electronically Filed ***
A. Sutton, Deputy
9/27/2021 5:01:53 PM
Filing ID 13426446

Person/Attorney Filing: Lincoln Combs
Mailing Address: 300 W Clarendon Ave Ste 400
City, State, Zip Code: Phoenix, AZ 85013
Phone Number: (602)252-8888
E-Mail Address: lcombs@vanosteen.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 025080, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

Timothy Uzzanti
Plaintiff(s),
v.
Synergy Homecare Franchising, LLC,
DBA Synergy Homecare of the East
Valley, et al.
Defendant(s).

Case No.  CV2021-015214

**SUMMONS**

To: Synergy Homecare Franchising, LLC, DBA Synergy Homecare of the East
Valley

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
   served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an
   Answer in writing with the Court, and you must pay the required filing fee. To file your
   Answer, take or send the papers to <u>Clerk of the Superior Court, 201 W. Jefferson,</u>
   <u>Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's</u>
   <u>approved electronic filing systems at http://www.azcourts.gov/efilinginformation.</u>
   Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
   of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents
   in this case.

3. If this Summons and the other court papers were served on you within the State of
   Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
   date of service, not counting the day of service. If this Summons and the other court papers
   were served on you outside the State of Arizona, your Answer must be filed within
   THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
   service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *September 27, 2021*

*JEFF FINE*
Clerk of Superior Court

By: *AMBER SUTTON*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

Clerk of the Superior Court
*** Electronically Filed ***
A. Sutton, Deputy
9/27/2021 5:01:53 PM
Filing ID 13426445

Person/Attorney Filing: Lincoln Combs
Mailing Address: 300 W Clarendon Ave Ste 400
City, State, Zip Code: Phoenix, AZ 85013
Phone Number: (602)252-8888
E-Mail Address: lcombs@vanosteen.com
[ ☐ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 025080, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

Timothy Uzzanti
Plaintiff(s),
v.
Synergy Homecare Franchising, LLC,
DBA Synergy Homecare of the East
Valley, et al.
Defendant(s).

Case No.  CV2021-015214

**CERTIFICATE OF
COMPULSORY ARBITRATION**

I certify that I am aware of the dollar limits and any other limitations set forth by the
Local Rules of Practice for the Maricopa County Superior Court, and I further certify that
this case IS NOT subject to compulsory arbitration, as provided by Rules 72 through 77 of
the Arizona Rules of Civil Procedure.

RESPECTFULLY SUBMITTED this

By: Lincoln Combs /s/
     Plaintiff/Attorney for Plaintiff


O'STEEN & HARRISON
ATTORNEYS AT LAW

Clerk of the Superior Court
*** Electronically Filed ***
A. Sutton, Deputy
9/27/2021 5:01:53 PM
Filing ID 13426443

1   Lincoln Combs, Esq. – State Bar #025080
2   Jarred J. McBride, Esq. – State Bar #028914
    **O'STEEN & HARRISON, PLC**
3   300 W. Clarendon Ave., Suite 400
    Phoenix, Arizona 85013-3424
4   (602) 252-8888
5   (602) 274-1209 FAX
    lcombs@vanosteen.com
6   jmcbride@vanosteen.com
7   **Attorneys for Plaintiff**

8

9          IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

10         IN AND FOR THE COUNTY OF MARICOPA

11   TIMOTHY UZZANTI, personal
     representative of the ESTATE OF JAMES
12   UZZANTI, deceased, on behalf of the
13   ESTATE OF JAMES UZZANTI,
                  No. **CV2021-015214**
14         Plaintiff,
                  **COMPLAINT**
15   v.
                  **(Elder Abuse)**
16   SYNERGY HOMECARE FRANCHISING,
     LLC, a domestic limited liability company,
17   doing business as SYNERGY HOMECARE    **(Jury Trial Requested)**
     OF THE EAST VALLEY; ENDREDY
18   ENTERPRISES, LLC, a domestic limited
19   liability company; MICHAEL ENDREDY
     and JANE DOE ENDREDY, husband and
20   wife; JOHN DOES and JANE DOES I-X;
21   ABC BUSINESS ENTITIES I-X,

22         Defendants.

23       Plaintiff, by and through his attorneys undersigned, and for his claims against the

24   Defendants, allege as follows:

25              **PARTIES, JURISDICTION AND VENUE**

26       1.     Timothy Uzzanti is the grandson of the late James Uzzanti. At all relevant times,

27   he was a resident of Maricopa County, Arizona. He brings this action on behalf of the Estate of

28   James Uzzanti as Personal Representative of the Estate.

O'STEEN &HARRISON
ATTORNEYS AT LAW

2.      Defendant Synergy HomeCare Franchising, LLC is an Arizona limited liability company doing business under the trade name Synergy HomeCare of the East Valley (hereafter, "Synergy of the East Valley").  Synergy is a homecare company located in the greater Phoenix, Arizona area.  They provide eldercare services.

3.      Endredy Enterprises is a domestic limited liability company. Upon information and belief, Endredy Enterprises is owned by Michael Endredy, the President of Synergy HomeCare.

4.      Upon information and believed Endredy Enterprises and Michael Endredy are co-owners, franchisees/franchisors, joint venturers, and/or business affiliates with Synergy HomeCare in the going concern doing business as Synergy HomeCare of the East Valley.

5.      Defendants John and Jane Does I-X and ABC Business Entities I-X are persons, corporations, companies, partnerships, or other entities which are believed to have participated in the wrongs alleged in this Complaint.  Leave to amend will be sought when the true identities of these Defendants become known.

6.      All acts and omissions of the individual Defendants occurred during the course and scope of their employment and/or agency with Co-Defendants and were for the benefit of their respective marital community.

7.      Defendants, and their employees, acted at all times within the course and scope of their employment or agency with any corporate or other Defendant named herein.

8.      All Defendants identified as corporations or other such entities were, at all times mentioned herein, acting by and through officers, employees, agents, and contractors, who were acting within the course and scope of their employment and authority, and acting as an enterprise as referred to in A.R.S. §46-455(B) and (P), such that these corporations or other such entities are bound by and vicariously liable for the conduct of their officers, agents, employees, and contractors.  Such corporations or other such entities are also directly liable for their own negligence, recklessness, and other tortious conduct in the hiring and supervision of the officers, employees, agents and contractors whose conduct gives rise to this action.

O'STEEN &HARRISON
ATTORNEYS AT LAW

9.     Jurisdiction and venue are proper in Maricopa County, Arizona.

**GENERAL ALLEGATIONS**

10.    James Uzzanti, an elderly man in his mid-90s, was receiving in-home healthcare and other care services through Synergy HomeCare of the West Valley. Services were provided at James' residence located at 4612 West Mercer Lane, in Phoenix, Arizona.

11.    To provide closer supervision and comfort for James, while allowing him to maintain some degree of independence, James moved to Plaintiff Timothy Uzzanti's casita located at 7862 Softwind Drive, Scottsdale, Arizona 85255. Timothy is James Uzzanti's grandson.

12.    Due to the change in service address, Synergy requested that James's care be moved to Synergy HomeCare of the East Valley.

13.    James had grown very confident and comfortable with Synergy HomeCare of the West Valley and was assured of a smooth transition to the East Valley Synergy franchise.

14.    At the time Synergy HomeCare of the East Valley took over eldercare services, James was a healthy 95-year-old. His only ailments were high blood pressure and allergy-induced asthma.

15.    In early March 2020, when the COVID pandemic was becoming recognized in Arizona, Synergy of the East Valley did not react to federal and state guidelines, directions, and recommendations.

16.    As COVID-19 cases increased across Arizona, Timothy Uzzanti's family quarantined for their safety, and the safety of James, who was considered "high-risk" due to his age.

17.    On April 8, 2020, Governor Ducey signed Executive Order 2020-22, which noted that the elderly population was one of the groups most at risk of COVID-19. The Executive Order required institutions and entities treating or caring for the elderly to implement symptom screening of staff and to ensure that all staff was equipped with and wearing appropriate personal protective equipment.

O'STEEN&HARRISON
ATTORNEYS AT LAW

18.     Executive Order 2020-28, signed by Governor Ducey, required caregivers to be provided with additional training through the pandemic. Specifically, Executive Order 202-28 contained a provision that all employers still in business develop, establish, and implement policies and procedures based on guidance from the Center for Disease Control (CDC), the Department of Labor, Occupational Safety and Health Administration (OSHA), and the Arizona Department of Health Services (ADHS) to limit the migration and spread of COVID-19.

19.     James' regular caregiver, Maria, was present with him in the casita, in close contact, on Wednesday July 29, 2020, through August 1, 2020.

20.     On August 1, 2020, Maria began to develop symptoms of the COVID-19 virus.

21.     Due to her lack of training regarding COVID-19 issues, Maria thought she was suffering from a bad cold.

22.     Eventually, Maria reported her condition to Synergy of the East Valley. Although Maria put her employer on notice of her condition, no one at Synergy of the East Valley notified James or Timothy Uzzanti of her illness, the assignment of a temporary caregiver, or that James was possibly exposed to COVID-19 by Maria.

23.     Maria did not report to work on August 2, 2020. Instead, on that date, she submitted to a COVID-19 test.

24.     On August 5, 2020, James began to complain that he had a cold. He also appeared to have fluid in his lungs.

25.     The next day, on August 6, 2020, James' heart rate was 130 and his oxygen level was 87. His health appeared to be worsening.

26.     On August 6, 2020, Maria was notified that her COVID-19 test was positive. After she received this information, she alerted Synergy of the East Valley management.

27.     No one from Synergy of the East Valley attempted to notify James or Timothy Uzzanti of Maria's positive test and James' exposure to COVID-19.

28.     On August 7, 2020, Maria contacted Timothy Uzzanti to notify him directly of her positive COVID-19 test results. During the conversation, Maria expressed concern that she was



going to get in trouble for telling James's family her status.

29.    Upon receiving information of the positive test from Maria, Timothy scheduled a COVID-19 test for James the next day, on August 8, 2020.  When James appeared for the test, his oxygen level was 83 and he was instructed to go directly to the hospital.

30.    James was taken to the Scottsdale Honor Health facility on August 8, 2020, where he was diagnosed with COVID-19.

31.    James never left the hospital and passed away on August 21, 2020.

## COUNT I

### (ELDER ABUSE—VIOLATION OF § 46-455)

32.    Plaintiff hereby re-alleges all prior allegations above as if fully set forth herein.

33.    The acts and omissions of Defendants constitute a breach of the above-described duties, a deviation from the appropriate standard of care, and the reckless disregard for the needs of James Uzzanti, constituting abuse and neglect of an elder adult, as defined by statute, giving rise to a cause of action under A.R.S. § 46-455.

34.    The above-described breaches and ongoing patterns of abuse and/or neglect of residents and Defendants, as those terms are defined by A.R.S. § 46-451, justifying investigation by the Court and Plaintiff in the operations and patterns of abuse and neglect of residents and other wrongdoing justify an award and damages and such other penalties, injunctions and orders as the Court deems appropriate.

35.    Based on the foregoing allegations, Defendants and their employees (and agents) had a reasonable basis to suspect that James Uzzanti was the victim of abuse or neglect as defined by A.R.S. §§ 46-451, *et seq.*

36.    As a direct and proximate result of the abuse and neglect by Defendants, including these Defendants' reckless disregard for the health and safety of James Uzzanti, James Uzzanti experienced a deterioration of his health due to COVID-19, and ultimately died.

37.    As a direct and proximate result of the abuse and neglect by Defendants, James Uzzanti endured pain and suffering prior to his death for which his estate seeks damages.



38.   As a direct and proximate cause of Defendants' violations of A.R.S. §§ 46-451, *et seq.*, the Estate of James Uzzanti suffered damages in the form of incurred medical costs and other expenses in an amount to be decided by the finder of fact at trial.

### TIER DESIGNATION

Given the complexity of and magnitude of damages in this case, Plaintiff certifies that this case warrants case management and pretrial discovery under Tier 3.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

### PRAYER

WHEREFORE, the Estate of James Uzzanti prays for judgment against the Defendants, jointly and severally, against each of them, including for:

(a)   Compensatory damages according to proof at trial;

(b)   Expenses of the funeral and burial;

(c)   Expenses of medical care and services for the injuries that resulted in the death;

(d)   Pain and suffering incurred by James Uzzanti when he contracted COVID-19 and died as a result.

(e)   General and special damages as allowed by law for the wrongful death of James Uzzanti;

(g)   Taxable costs as permitted by Arizona law;

(f)   Punitive damages to punish Defendants and deter like conduct in the future; and

(g)   Such further relief and orders as the Court deems appropriate.

. . .

. . .

. . .

O'STEEN & HARRISON
ATTORNEYS AT LAW

1        DATED September 27, 2021.

2

3                                     **O'STEEN & HARRISON, PLC**

4

5

6

7                                       Lincoln Combs

8                                       Jarred J. McBride

9                                       300 W. Clarendon Ave., Suite 400

10                                    Phoenix, Arizona 85013-3424

11                                    Attorneys for Plaintiff

12   **ORIGINAL** of the foregoing e-filed

13   this 27th day of September 2021 with:

14   TurboCourt.com

     Clerk of the Court

15   Maricopa County Superior Court

16   By /s/ *Kat Lane*

17

18

19

20

21

22

23

24

25

26

27

28

1
**CERTIFICATE OF SERVICE**
*Timothy Uzzanti, et al. v. Synergy Homecare Franchising, LLC, et al.*
2
USDC-Arizona, Phoenix Division, Case No.

3
STATE OF ARIZONA, COUNTY OF MARICOPA

4
     At the time of service, I was over 18 years of age and not a party to the action. My
business address is Phoenix Plaza Tower II, 2929 North Central Avenue, Suite 1700, Phoenix,
5
Arizona 85012-2761. I am employed in the office of a member of the bar of this Court at
whose direction the service was made.
6

7
     On January 21, 2022, I served the following document:

8
**DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO
28 U.S.C. §§ 1331, 1441, 1442 AND 1446**

9
     I served the document on the following persons at the following address (including a
fax number and email addresses, if applicable):
10

11
| Lincoln Combs, Esq. | Tel:  602.252.8888 |
| Jarred J. McBride, Esq. | Fax: 602.274.1209 |
| O'STEEN & HARRISON, PLC | Email:  lcombs@vanosteen.com |
| 300 W. Clarendon Avenue, Suite 400 |            jmcbride@vanosteen.com |
| Phoenix, AZ  85013-3424 | |
| ***Attorney for Plaintiff*** | |

12

13

14

15
     The document was served by the following means:

16
☒ **(BY COURT'S CM/ECF SYSTEM)** The document was served by CM/ECF (excluding
those not registered for CM/ECF who were served by mail or email, if applicable).

17
☒ **(BY U.S. MAIL)** I enclosed the document in a sealed envelope or package addressed to
18
the persons at the address listed below and placed the envelope or package for collection and
mailing, following our ordinary business practices. I am readily familiar with the firm's
19
practice for collection and processing correspondence for mailing. Under that practice, on
the same day that correspondence is placed for collection and mailing, it is deposited in the
20
ordinary course of business with the U.S. Postal Service, in a sealed envelope or package
with the postage fully prepaid.

21
     I declare under penalty of perjury under the laws of the United States of America that
the foregoing is true and correct.
22

23
Dated:  January 21, 2022                    */s/ Monica Duran*
                                                                      Monica Duran
24

25

26

27

28



4893-9465-1658.1

**CERTIFICATE OF SERVICE**